| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| *versus* | § CASE NO. 9:22-CR-43 |
| | § |
| JOSE PICAZO-SANCHEZ (2) | § |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Jose Picazo-Sanchez's ("Picazo-Sanchez") Motion in Limine (#289), to which the Government has filed a response (#325). Also pending before the court is the Government's Motion in Limine (#295), to which Picazo-Sanchez has filed a response (#323). Having considered the motions, the submissions of the parties, the record, and the applicable law, the court is of the opinion that the motions should be granted as set forth below.

I.   Background

On December 7, 2022, a federal grand jury in the Eastern District of Texas returned a single-count Indictment charging Picazo-Sanchez with conspiracy to distribute and possess with the intent to distribute a controlled substance (methamphetamine), in violation of 21 U.S.C. § 846. Final Pretrial Conference and Trial are set for December 11, 2023.

II.   Analysis

A motion in limine "is not a definitive ruling on the admissibility of evidence." *Akins v. Riddell, Inc.*, No. 5:19-cv-121-RWS-CMS, 2022 WL 3337742, at *7 (E.D. Tex. May 10, 2022); *Thompson v. Hamp*, No. 3:14-CV-00274-NBB-RP, 2017 WL 1393589, at *1 (N.D. Miss. Apr. 18, 2017); *EVM Sys., LLC v. REX Med., L.P.*, No. 6:13-CV-184, 2015 WL 11112539, at *1 n.1 (E.D. Tex. Aug. 17, 2015); *Pact XPP Tech., AG v. Xilinx, Inc.*, No. 2:07-CV-563-RSP, 2012 WL 2774971, at *1 (E.D. Tex. May 13, 2012); *accord Ogden v. Cozumel, Inc.*, No. A-18-CV-

00358-DAE-SH, 2019 WL 5295495, at *1 (W.D. Tex. Oct. 18, 2019) (stating that "[a]ll rulings on motions in limine are preliminary evidentiary rulings [and are] not final" (citing *Blue Spike, LLC v. Audible Magic Corp.*, No. 6:15-CV-584, 2016 WL 3877291, at *1 (E.D. Tex. June 27, 2016))). Rather, an order granting a motion in limine is an order requiring the proponent of the evidence to approach the bench and seek leave of court prior to offering the disputed evidence at trial. *Cormier v. Ace Am. Ins. Co.*, No. 6:18-CV-01104, 2020 WL 5806528, at *1 n.1 (W.D. La. Sept. 28, 2020); *Pact XPP Tech.*, *AG*, 2012 WL 2774971, at *1; *see Rojas v. Richardson*, 703 F.2d 186, 188 (5th Cir. 1983). The United States Court of Appeals for the Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980); *see Rojas*, 703 F.2d at 189; *Credeur Tr. v. Liberty Mut. Ins. Co.*, 598 F. Supp. 3d 474, 476 (W.D. La. 2022); *Cormier*, 2020 WL 5806528, at *1; *Younger v. Experian Info. Sols., Inc.*, No. 2:15-CV-00952-SGC, 2019 WL 1296256, at *5 (N.D. Ala. Mar. 21, 2019). Nonetheless, they are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues. *United States v. Spotted Horse*, 916 F.3d 686, 693 (8th Cir.), *cert. denied sub nom. Horse v. United States*, 140 S. Ct. 196 (2019); *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir.), *cert. denied*, 535 U.S. 1119 (2002). Motion in limine rulings "are not binding on the trial judge, however, and the judge may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n.3 (2000); *accord Luce v. United States*, 469 U.S. 38, 41 (1984) (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner); *United States v. Thornhill*, 940

F.3d 1114, 1121 (9th Cir. 2019); *see Jordan v. Maxfield & Oberton Holdings, L.L.C.*, 977 F.3d 412, 418 (5th Cir. 2020).

Motions in limine may also be used to secure a pretrial ruling that certain evidence is admissible. *United States v. Barefoot*, No. 3:22-CR-13-DPJ-LGI, 2023 WL 6319893, at *1 (S.D. Miss. Sept. 28, 2023) ("It is well-established that motions in limine may be used to secure a pretrial ruling that certain evidence is admissible." (quoting *Bond Pharmacy, Inc. v. AnazaoHealth Corp.*, No. 3:11-CV-58, 2012 WL 3052902, at *2 (S.D. Miss. July 25, 2012))); *Randle v. Tregre*, 147 F. Supp. 3d 581, 596 (E.D. La. 2015); *United States v. Kirk*, No. SA11-CR-449(2), 2013 WL 6198221, at *1 (W.D. Tex. Nov. 27, 2013) ("[T]he Government's Motion for Early Admissibility Rulings asked the Court to rule on the admissibility of certain evidence prior to trial and as such, it was, for all intents and purposes, a motion in limine.").

    A.    <u>Picazo-Sanchez's Motion in Limine</u>

Picazo-Sanchez requests that the court prohibit testimony regarding his lack of United States citizenship and his "minor criminal history that occurred before this present cause of action."

    1.    <u>Citizenship Status</u>

It is well settled that Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged. *United States v. Castillo-Rubio*, 34 F.4th 404, 409 (5th Cir. 2022); *United States v. Williams*, 774 F. App'x 871, 878 (5th Cir. 2019); *United States v. Lockhart*, 844 F.3d 501, 512 (5th Cir. 2016); *United States v. Guerrero*, 768 F.3d 351, 365 (5th Cir. 2014), *cert. denied*, 575 U.S. 916 (2015); *United States v. Stephens*, 571 F.3d 401, 410 (5th Cir. 2009). "'Other acts' evidence is intrinsic when it is inextricably intertwined with the charged offense,

3

when both acts are part of the same criminal episode, or when the 'other act' was a necessary preliminary step toward the completion of the charged crime." *United States v. Williams*, 30 F.4th 263, 267 n.3 (5th Cir. 2022); *United States v. Berreles*, 783 F. App'x 453, 454 (5th Cir. 2019) (quoting *United States v. Crawley*, 533 F.3d 349, 353-54 (5th Cir.), *cert. denied*, 555 U.S. 1007 (2008)); *accord United States v. Lucas*, 849 F.3d 638, 643 (5th Cir. 2017); *United States v. Kinchen*, 729 F.3d 466, 471 (5th Cir. 2013). "Intrinsic evidence is 'admissible to complete the story of the crime by proving the immediate context of events in time and place.'" *Kinchen*, 729 F.3d at 471 (citing *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir.), *cert. denied*, 519 U.S. 891 (1996)). Intrinsic evidence is also admissible to permit the jury to "evaluate all of the circumstances under which the defendant acted." *United States v. Rice*, 607 F.3d 133, 141 (5th Cir.) (citing *United States v. Randall*, 887 F.2d 1262, 1268 (5th Cir. 1989)), *cert. denied sub nom. Cormier v. United States*, 562 U.S. 941 (2010); *accord Waste Mgmt. of La., L.L.C. v. River Birch, Inc.*, 920 F.3d 958, 967 (5th Cir. 2019).

"Acts committed in furtherance of the charged conspiracy are themselves part of the act charged, not 'other acts' within the meaning of Rule 404(b)." *Castillo-Rubio*, 34 F.4th at 410 (citing *United States v. Miller*, 116 F.3d 641, 682 (2d Cir. 1997), *cert. denied*, 524 U.S. 905 (1998)). Also, evidence is intrinsic to a conspiracy if it is relevant to establishing how the conspiracy came about and how it was structured. *United States v. Watkins*, 591 F.3d 780, 785 (5th Cir. 2009); *United States v. Krout*, 66 F.3d 1420, 1431 (5th Cir. 1995) ("[E]vidence of acts committed pursuant to a conspiracy and offered to prove the defendant's membership or participation in the conspiracy are not extrinsic evidence."), *cert. denied*, 516 U.S. 1136 (1996). In addition, evidence that establishes the nature of the relationship among the co-conspirators and

4

the existence of an ongoing drug business can be admitted as intrinsic evidence even if some of the drug transactions pre-dated the charged conspiracy. *United States v. Williams*, 277 F. App'x 472, 475 (5th Cir. 2008).

In its response to Picazo-Sanchez's motion in limine, the Government agrees not to present evidence or elicit testimony that Picazo-Sanchez is not a citizen of the United States or that he has illegally entered the United States. In accordance with the Government's Federal Rule of Evidence 404(b) Notice (#291), however, the Government may offer evidence that Picazo-Sanchez traveled between the United States and Mexico to engage in methamphetamine trafficking in both countries. The court holds that evidence and testimony concerning Picazo-Sanchez's participation in the alleged conspiracy, including evidence that he distributed and possessed with the intent to distribute methamphetamine for many years while residing in Mexico and the United States, and that he traveled between the two countries in furtherance of the drug trafficking conspiracy, is intrinsic to the crime alleged and, thus, admissible.

2.  Criminal History

In response to Picazo-Sanchez's request to limit evidence of his prior criminal history, the Government agrees not to present evidence or elicit testimony during its case-in-chief that Picazo-Sanchez has pending criminal cases in Harris County, Texas, for Terroristic Threat and Aggravated Assault/Family Member or that he was placed on deferred adjudication for Assault/Family Violence. Moreover, the Government will obtain a ruling from the court outside the presence of the jury prior to any questioning on these subjects if it believes the pending cases or deferred adjudication become relevant and proper impeachment subjects.

Accordingly, Picazo-Sanchez's motion in limine is granted as unopposed.

  B. <u>The Government's Motion in Limine</u>

The Government requests that Picazo-Sanchez's counsel approach the bench before making any reference to:

1. That counsel for [Picazo-Sanchez] has a personal belief or opinion regarding anything related to the case and/or trial, including, but not limited to, any of the following: the innocence or lack of guilt of any defendant on trial; the credibility of [Picazo-Sanchez] or any witness; or any personal comment about the credibility of the United States'[s] evidence;

2. Any punishment [Picazo-Sanchez] may face if he is convicted in this case; including any specific punishment range associated with any specific charge in this case;

3. Any effect on [Picazo-Sanchez's] family or friends caused by this prosecution or possible conviction;

4. Reputation testimony concerning any of the United States'[s] witnesses, without first allowing the Assistant United States Attorney, outside the presence of the jury, to question such witness to ascertain whether he/she possesses the legal qualifications to so testify;

5. The United States will make every attempt to bring out on direct examination a government witness'[s] criminal convictions, pending charges, or other information that could properly be used for impeachment. The government will also disclose to defense counsel, or make available for review, a government witness['s] criminal history prior to cross-examination. However, the government would ask that a motion in limine be granted to prevent the mention of, or attempt to impeach any government witnesses outside the purview of Federal Rules of Criminal Procedure 608 and 609, including with allegations of bad acts, charges, arrests, adjudications, convictions, or mental health or psychiatric treatment or diagnoses, other than felony convictions or convictions for offenses involving dishonesty or false statement for which the witness has been released from confinement within the last ten years;

6. Any extraneous proof of a witness'[s] criminal history if said witness has admitted under examination to said conviction or pending charge;

7. Any specific instances of conduct of a witness for the purpose of attacking or supporting his/her credibility other than a conviction of a crime as provided in the Federal Rules of Criminal Evidence, Rule 609[;] and

6

       8.      Any reference or indication that the government has filed this motion.

In response, Picazo-Sanchez generally acquiesces to the Government's requests.

Specifically, in response to the Government's first request concerning counsel's personal beliefs, Picazo-Sanchez avers that he "does not intend to introduce personal beliefs into this testimony but would respectfully ask that the Government be held to the same standard." The court agrees. Neither party shall engage in the introduction of personal beliefs. The Government's first request is granted.

Concerning the Government's second and third requests to prohibit evidence concerning what punishment Picazo-Sanchez may face, as well as any effect the prosecution may have on his family and friends, Picazo-Sanchez concedes that he has no intention of introducing such evidence, but he should be allowed to respond if the Government "opens the door" to such topics. The court agrees that evidence of any possible punishment Picazo-Sanchez may receive and any impact of the prosecution on his family and friends is not appropriate, and thus, both parties shall refrain from introducing the same. The Government's second and third requests are granted.

In response to the Government's fourth request to prohibit the introduction of reputation testimony regarding its witnesses, Picazo-Sanchez avers that he "will not attempt to bring in this type of testimony but, if the 'door is opened' upon questioning of any of the witnesses, then Defendant reserves the right to respond since such evidence will have been introduced into testimony." The Government's fourth request is therefore granted as unopposed subject to modification if the Government ventures into this subject during its questioning of witnesses.

Concerning the Government's requests 5, 6, and 7, Picazo-Sanchez agrees to abide by the requirements of the Federal Rules of Evidence, specifically Rules 608 and 609. These requests are granted as unopposed.

In response to the Government's eighth request to prohibit any reference or indication that the Government has filed its motion in limine, Picazo-Sanchez states that he has no intention of mentioning the motion. Therefore, the Government's eighth request is granted as unopposed.

III.     Conclusion

In accordance with the foregoing discussion, Picazo-Sanchez's Motion in Limine (#289) and the Government's Motion in Limine (#295) are GRANTED.

SIGNED at Beaumont, Texas, this 30th day of November, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE